## IN THE MATTER OF FREDERICK M. SCHERMA.
### (SUPREME COURT DISCIPLINARY No. 378)
#### (336 SE2d 570)

PER CURIAM.

The State Disciplinary Board of the State Bar of Georgia found that respondent, Frederick R. Scherma, had violated Standards 4 and 65 of Bar Rule 4-102.

The respondent was charged by formal complaint with withholding from his client in a workers' compensation case more than the agreed amount as attorney fees, and with endorsing and depositing to his own account checks payable to the client using a forged power of attorney.

The State Disciplinary Board entered the following findings of fact and conclusions of law:

"2. Respondent directly or indirectly endorsed checks for bi-weekly benefits which were made payable to Mr. Elder and deposited the checks to Respondent's account.

"3. Mr. Elder did not sign the purported Power of Attorney dated January 19, 1982.

"4. Although Respondent notarized the purported Power of Attorney, Respondent did not witness the signature nor did Respondent have Mr. Elder appear before him to acknowledge that the signature was that of Mr. Elder.

"5. That Mr. Elder did not give Respondent authority to endorse the bi-weekly benefit checks and deposit those checks into Respondent's account.

"6. That Mr. Elder signed the Worker's Compensation stipulation and preliminary settlement statement on the same date, August 12, 1983.

"1. That the Respondent has violated Standard 4 of Bar Rule 4-102 by using a Power of Attorney to deposit checks to his account which were not signed by Mr. Elder.

"2. That Respondent has violated Standards 4 and 65 of Bar Rule 4-102 by failing to promptly render an appropriate accounting to Mr. Elder in that Mr. Elder received a copy of a preliminary settlement statement at the same time he signed the Worker's Compensation stipulation. This preliminary settlement statement did not accurately reflect the distribution of money which was made by Respondent."

Respondent enumerates as error that the Board erred in its findings of fact 2-6, above. He also urges that the Board erred in not considering newly discovered evidence that his client was satisfied with respondent's handling of the case and his fee.[1]

Bar Rule 4-219 (a) provides that findings of fact by the State Disciplinary Board shall be conclusive if supported by any evidence. The evidence supports findings of fact 2-6, above. For example, the client testified that the signature on the power of attorney was not his, and this testimony was confirmed by a document examiner from the GBI Division of Forensic Sciences. In addition, the client testified that he did not orally authorize respondent to sign his name on (endorse) his benefit checks, and the existence of the forged power of attorney corroborates this testimony. Finally, the client testified that he signed the workers' compensation settlement stipulation and the preliminary settlement statement prepared at the respondent's request on the same day as they are both dated, August 12, 1983. The Board's findings of fact are supported by the evidence.

Regarding the Board's first conclusion of law, respondent argues that there is no evidence to show that he *used* the power of attorney to endorse and deposit his client's checks. He urges that he was orally authorized by his client to deposit the checks, but this fact was found not to be true. Therefore, the evidence supports the Board's conclusion that respondent endorsed his client's checks *using* the power of attorney.

An unsigned settlement statement prepared by respondent dated October 18, 1983, showed respondent being entitled to an attorney's fee of $3,750. The settlement statement prepared August 12, 1983, and signed by the client in conjunction with the workers' compensation settlement stipulation showed respondent being entitled to a fee of $2,629.70. The sum of $1,120.32 due the client has not been paid. We agree with the Board that the release on the back of the check signed by the client is not controlling in this disciplinary proceeding.

Standard 4 of Bar Rule 4-102 provides: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation." Standard 65 (A) provides in pertinent part: "A lawyer shall not . . . fail to account for trust property . . . held in a fiduciary capacity."

Violation of Standard 4 has been clearly shown with respect to the forged power of attorney. Although the language used suggests a violation of Standard 63, a violation of Standard 65 nevertheless has been shown with respect to the accounting. We therefore approve the discipline recommended by the Board, there being no other objections

---

[1] We find no merit in this latter contention.

made to it.

*It is so ordered. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

